**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM LARRY RICHIE,**  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br>**KILOLO KIJAKAZI,**[1]  )<br>**Acting Commissioner of Social Security,**  )<br> )<br>Defendant.  ) | **Case No. 4:20-CV-01402-NCC** |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of William Larry Richie ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 19), and Defendant has filed a brief in support of the Answer (Doc. 24).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 10).

**I. PROCEDURAL HISTORY**

Plaintiff filed his application for DIB on June 18, 2018 (Tr. 157-58).  Plaintiff was initially denied on February 27, 2019, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 86-91).  After a hearing, by decision dated March 25, 2020, the ALJ found Plaintiff not disabled (Tr. 14-34).  On August 13, 2020, the Appeals

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi shall be substituted for former Commissioner Andrew Saul as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Council denied Plaintiff's request for review (Tr. 1-7).  On September 22, 2020, the Appeals

Council set aside its earlier decision to consider additional information and again denied

Plaintiff's request for review (Tr. 8-13).  As such, the ALJ's decision stands as the final decision

of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured status requirements of the Social

Security Act through December 31, 2022, and that Plaintiff has not engaged in substantial

gainful activity since November 20, 2018, the amended alleged onset date (Tr. 19-20).  The ALJ

found Plaintiff has the following impairments: mild degenerative join disease of the bilateral

knees, degenerative disc disease of the thoracic spine, mild degenerative disc disease of the

lumbar spine, chronic obstructive pulmonary disease ("COPD"), and abdominal aortic aneurysm

without rupture, but that no impairment or combination of impairments meets or medically

equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1

(Tr. 20-21).  After considering the entire record, the ALJ determined Plaintiff has the residual

functional capacity ("RFC"), to perform light work[2] with the following limitations (Tr. 22).

Plaintiff can lift up to 20 pounds occasionally and lift/carry up to 10 pounds frequently (*Id.*).

Plaintiff can stand and walk for about 6 hours and sit for up to 6 hours in an 8-hour work day,

with normal breaks (*Id.*).  Plaintiff can occasionally climb ramps or stairs, but never climb

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b)

ladders, ropes or scaffolds (*Id.*).  Plaintiff can occasionally balance, stoop, kneel and crouch (*Id.*).

Plaintiff should avoid exposure to irritants such as fumes, odors, dust, gases and poorly

ventilated areas (*Id.*).  Plaintiff should avoid exposure to operational control of moving

machinery, unprotected heights and exposure to hazardous machinery (*Id.*).  The ALJ found that

Plaintiff is capable of performing past relevant work as a retail salesperson as generally

performed in the national economy (Tr. 28).  Thus, the ALJ concluded that Plaintiff has not been

under a disability from November 20, 2018, through the date of the decision (Tr. 29).

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for

determining whether a person is disabled.  20 C.F.R. § 404.1529.  "If a claimant fails to meet the

criteria at any step in the evaluation of disability, the process ends and the claimant is determined

to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v.*

*Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first

cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R.

§ 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. § 404.1520(c).

The Social Security Act defines "severe impairment" as "any impairment or combination of

impairments which significantly limits [claimant's] physical or mental ability to do basic work

activities. . . ."  *Id.*  "'The sequential evaluation process may be terminated at step two only when

the claimant's impairment or combination of impairments would have no more than a minimal

impact on [his or] her ability to work.'"  *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)

(quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75

F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. § 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. § 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. § 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but

4

is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Id.* Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff raises two issues. First, Plaintiff asserts that the ALJ did not adequately evaluate the medical opinion evidence (Doc. 19 at 2-13). Second, Plaintiff argues that the ALJ's credibility assessment is generally defective because of the above error and is specifically so because of his failure to consider Plaintiff's strong work history in his assessment (*Id.* at 14-15). For the following reasons, the Court finds that Plaintiff's arguments are without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

## A. Evaluation of the Medical Opinion Evidence

Plaintiff asserts that the ALJ did not adequately evaluate the medical opinion evidence and raises several specific arguments the Court will address in turn (Doc. 19 at 2-13). The new

Social Security regulations regarding the evaluation of medical opinion evidence apply to

Plaintiff's case because he filed his application after March 27, 2017.  20 C.F.R. § 404.1520c.

Under the new regulations, an ALJ is no longer required to "give any specific evidentiary

weight, including controlling weight, to any medical opinion(s)," including those from treating

physicians.  20 C.F.R. § 404.1520c(a).  Rather, the ALJ is to consider factors in determining how

persuasive to find medical opinions and prior administrative medical findings.  20 C.F.R.

§ 404.1520c(b).  An ALJ must explain how he considered the factors of supportability and

consistency in his decision, but need not explain how he considered the other factors.  20 C.F.R.

§ 404.1520c(b)(2).  The supportability factor provides that "[t]he more relevant the objective

medical evidence and supporting explanations presented by a medical source are to support his

or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the

medical opinions or prior administrative medical finding(s) will be."  20 C.F.R.

§ 404.1520c(c)(1).  The consistency factor states that "[t]he more consistent a medical opinion(s)

or prior administrative medical finding(s) is with the evidence from other medical sources and

nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

　　　First, Plaintiff argues that the ALJ failed to proceed to review the additional factors of 20

C.F.R. § 404.1520c(c)(3)-(5) as required when an ALJ determines that more than one medical

opinion is persuasive (Doc. 19 at 2).  As a preliminary matter, there is no such requirement that

an opinion be determined to be strictly "persuasive" or "not persuasive" as asserted by Plaintiff.

*See* 20 C.F.R. § 404.1520c(b) ("We will articulate in or determination or decision *how*

persuasive we find all of the medical opinions[.]") (emphasis added).  If an ALJ finds two or

more medical opinions or prior administrative medical findings about the same issue are both

6

equally well-supported and consistent with the record but not exactly the same, the ALJ is required to articulate how he considered the other most persuasive factors including the relationship with the claimant, the medical source's specialization, and other factors.  20 C.F.R. § 404.1520c(b)(3).  In this instance the ALJ considered and found persuasive two medical opinions but not as to the same issue.  The first opinion was the August 7, 2017 Group Continuance of Disability Questionnaire completed Dr. David Whitehead, M.D. ("Dr. Whitehead") in which he opined that Plaintiff suffers from chronic back pain (Tr. 751).  Dr. Whitehead also opined that Plaintiff could not lift more than 20 pounds (*Id.*).  While the ALJ generally found Dr. Whitehead's opinion, along with the other opinions made during the course of Plaintiff's care in connection with his non-Social Security long-term disability claim, not to be persuasive, the ALJ found Dr. Whitehead's opinion regarding Plaintiff's ability to lift to be "somewhat persuasive" (Tr. 26).  The second was the opinion of Dr. Dennis McGraw, D.O. ("Dr. McGraw"), a state agency medical consultant (Tr. 77-80).  On February 4, 2019, in conjunction with Disability Determination Explanation, Dr. McGraw completed a Residual Functional Capacity Assessment in which he opined that Plaintiff was capable of light exertional work (Tr. 78-79).  The ALJ found this opinion to be "partially persuasive" finding it to be not fully consistent with the record as a whole (Tr. 26).  Specifically, as it relates to the current issue, the ALJ noted that "the record shows that [Plaintiff] had bodily pains attributable to cervical thoracic, and lumbar spine abnormalities" (*Id.*).  The ALJ then continued to address the record on these issues noting, imaging did not show these abnormalities to be substantial, Plaintiff did not demonstrate substantial deficits in physical functioning during his examinations, and his treatment for these issues was rather conservative during the relevant period (*Id.*).  Nonetheless, the ALJ concluded that he "agrees with Dr. McGraw" that Plaintiff is capable of no more than

7

light exertional work and can perform occasional postural actions, due to Plaintiff's persistent bodily pains and as a safety precaution due to Plaintiff's use of medication, the ALJ found Plaintiff can never climb ladders, ropes or scaffolds (*Id.*).  While Dr. McGraw opined that Plaintiff was limited to occasionally lifting and/or carrying up to 20 pounds, the ALJ did not address this opined limitation (Tr. 77).  In fact, Dr. McGraw's opinion regarding Plaintiff's lifting limitation does not apparently conflict with the opinion of Dr. Whitehead.

Second, Plaintiff argues that the ALJ failed to properly consider the consistency of several opinions when he failed to "acknowledge the consistency between these opinions" (Doc. 19 at 8).  Specifically, Plaintiff asserts that the opinions of Dr. Harvey Serota, M.D. ("Dr. Serota"), a treating physician, and Dr. Anna D. Naumovich, M.D. ("Dr. Naumovich"), also a treating physician, were consistent with each other as to their walking, standing, and lifting/carrying limitations in excess of the RFC (*Id.* at 8).  However, while the ALJ addressed Dr. Serota's statements that Plaintiff could do work activities as tolerated, was limited 33% for all activities, and was permanently disabled, these statements are not opinions under the rules as they do not include any functional limitations (Tr. 893, 1525).  20 C.F.R. § 404.1513 ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions.").  Thus, the ALJ was not required to address the consistency of Dr. Serota's statements.

Further, there is no requirement that the ALJ address specific indicia of consistency. Rather, an ALJ must explain how he considered the factor and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).  Here, the ALJ properly

considered the consistency of the medical opinion from Dr. Naumovich, finding it to be

inconsistent with the "longitudinal objective medical evidence as a whole" (Tr. 27).  In doing so,

the ALJ provided a specific example, noting that Dr. Naumovich found Plaintiff could not stand

but that while Plaintiff had bilateral degenerative joint disease in his knees, imaging showed this

to be mild and full strength in his lower extremity findings (Tr. 27, 1569).  *See, e.g.,* Tr. 324

("leg strength was grossly 4+ to 5 minus/5"), 525 (noting lower extremity muscle weakness as

normal on both sides), 1256, 1281, 1413-14 & 1534 ("[m]uscle strength appears normal without

evidence of atrophy or abnormal movements"); Tr. 529-30 (x-rays of both knees indicating

normal alignment with minor degenerative changes); 1256 & 1281 ("Gait is appropriate. Muscle

strength appears normal without evidence of atrophy or abnormal movements.").  Indeed, upon

review of the record, while Plaintiff exhibits tenderness in his back, in addition to what the ALJ

noted, Plaintiff was found to have normal range of motion (Tr. 303, 455, 1357, 1363) and denied

any radicular pain in the lower extremities (Tr. 318-19, 321).  The ALJ reasonably considered

the opinion's consistency internally, finding it inconsistent because "it states that [Plaintiff]

could frequently sit, but never bend, yet sitting requires some degree of bending" (Tr. 27, 1569).

Third, Plaintiff objects to the ALJ's determination that the opinions of Dr. Serota and Dr.

Whitehead were vague (Doc. 19 at 8).  As addressed previously, the statements of Dr. Serota are

not opinions under the rules and regulations.  Regardless, the ALJ properly determined that Dr.

Serota's statements were vague as they did not include any specific functional limitations (Tr.

27).  Similarly, Dr. Whitehead's opinion that Plaintiff's ability to perform at 80% capacity does

not provide any clarity regarding Plaintiff's functional limitations or, as Plaintiff incorrectly

suggest, Plaintiff's percentage "off task" (Tr. 27).  Upon review of the statements and the

9

opinion, the Court finds likewise, it is unclear from the context of these conclusions exactly what these physicians were saying and how that would be related to the Social Security framework. Indeed, Plaintiff's counsel seems to have felt similarly at the administrative hearing indicating that he did not know how to interpret the forms and stating that, "I just look at these forms and I think really? That's what you're going to write? Okay" (Tr. 55-56).

Fourth, Plaintiff argues that the ALJ failed to properly conduct a consistency and supportability analysis of Dr. Whitehead's opinion and Dr. Naumovich's opinion.  Contrary to this assertion, the Court finds that the ALJ properly considered these opinions.  Dr. Whitehead's opinion is detailed above.  As previously stated, the ALJ found Dr. Whitehead's opinion to be generally not persuasive except as to his opinion that Plaintiff would be limited to not lifting more than 20 pounds which the ALJ found to be "somewhat persuasive" (Tr. 27).  In doing so, the ALJ found this opinion, in addition to the others for Plaintiff's long-term disability claim, to be "phrased in vague terms; made as periodic updates, and thus were for short-term purposes; internally inconsistent; conclusory with regard to disability or used phrases like totally and partially disabled; made outside of the period at issue; and/or not consistent with the record as a whole" (Tr. 26).  The ALJ then explained why he found Dr. Whitehead's opinion regarding Plaintiff's ability to lift to be consistent with the record as a whole including bodily pains related to his thoracic spine, lumbar spine, cervical spine, and knees (Tr. 27).  The ALJ noted that Dr. Whitehead's opinions as it relates to "total disability" is an opinion reserved to the commissioner and, as also addressed above, Plaintiff's ability to perform at 80% capacity to be vague and incompatible with the rules (*Id.*).  Similarly, as addressed above, the ALJ properly considered the consistency factor as it relates to Dr. Naumovich's opinion.  As it relates specifically to the supportability factor, the ALJ found Dr. Naumovich "did not provide much support for her

10

opinion, beyond listing out some of [Plaintiff's] diagnoses.  No specific examinations were mentioned.  Additionally, [as described in the ALJ's extensive overview of the medical record], the longitudinal objective medical evidence as a whole does not support many of the extreme limitations opined by Dr. Naumovich" (*Id.*).  While there is some natural overlap between the ALJ's consistency evaluation and supportability evaluation, the Court finds the ALJ to have been sufficiently detailed in his analysis of both factors.

Finally, Plaintiff asserts that the ALJ's reliance on Dr. McGraw's findings is not reasonable or logical (Doc. 19 at 12-13).  Specifically, Plaintiff argues that Dr. McGraw's findings were rendered in February 2019, prior to multiple opinions of Plaintiff's treating physicians and multiple visits to the ER, and, by way of example, notes Dr. McGraw's error in finding Plaintiff's COPD to be nonsevere (*Id.*).  Plaintiff asserts that "[t]he consultant's lack of access to this information calls into question the supportability and consistency of his opinion, a fact highlighted by the ALJ" (*Id.* at 13).  However, an ALJ must consider such an opinion and did properly note that Dr. McGraw failed to "adequately take into account [Plaintiff's] COPD in not including such a limitation" (Tr. 26).  *See* 20 C.F.R. § 404.1513a(b)(1)("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence [], as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); *Morton v. Saul*, No. 2:19-CV-92 RLW, 2021 WL 307552, at *8 (E.D. Mo. Jan. 29, 2021) (citation omitted) ("[T]he new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified and experts in Social Security disability evaluation.").  While Plaintiff had additional ER visits after February 2019, they were unrelated to his impairments.  *See* Tr. 1315-17 (July 24, 2019 ED visit for allergic reaction;

normal range of motion noted in all four extremities); Tr. 1422-31 (August 28, 2019 ED visit for rash and chest pain; normal range of motion); Tr. 1447-57 (August 29, 2019 visit for fall; Tr. 1399-1406 (October 1, 2019 ED visit for allergic reaction and related shortness of breath; again indicating normal range of motion).  As addressed in significant detail above, the record did not significantly diverge from that prior to the state agency opinion and, to the extent it did as to Plaintiff's COPD, the ALJ properly noted, "[D]ue to [Plaintiff's] COPD, the undersigned has determined that [Plaintiff] should avoid exposure to irritants such as fumes, odors, dust, gases and poorly ventilated areas.  Dr. McGraw did not adequately take into account [Plaintiff's] COPD in not including such a limitation" (Tr. 26).

Therefore, the Court finds that the ALJ properly considered and evaluated the medical opinion evidence of record.

**B. Evaluation of Subjective Complaints**

Next, Plaintiff argues that the ALJ's credibility assessment is generally defective because of the above error and is specifically so because of his failure to consider Plaintiff's strong work history in his assessment (Doc. 19 at 14-15).  As noted by Plaintiff, prior to Plaintiff's alleged onset date, Plaintiff has more than 25 years of covered earnings (Tr. 171-72).  Specifically, Plaintiff worked for 18 years as a retail salesperson (Tr. 28, 41, 44).  To evaluate Plaintiff's subjective complaints,[3] the ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the

---

[3] Social Security Ruling (SSR) 16-3p eliminated the term "credibility" from the analysis of subjective complaints.  However, the regulations remain unchanged; "Our regulations on evaluating symptoms are unchanged."  SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); 20 C.F.R. § 404.1529.

claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the reasons offered by the ALJ in support of his analysis of Plaintiff's subjective complaints are based on substantial evidence.

As a preliminary matter, to the extent that the ALJ did not specifically cite *Polaski*, other case law, and/or Regulations relevant to a consideration of Plaintiff's subjective complaints, this is not necessarily a basis to set aside an ALJ's decision where the decision is supported by substantial evidence. *Randolph v. Barnhart*, 386 F.3d 835, 842 (8th Cir. 2004). *See also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) ("Although the ALJ never expressly cited *Polaski* (which is our preferred practice), the ALJ cited and conducted an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, which largely mirror the *Polaski* factors.").

Additionally, an ALJ need not methodically discuss each *Polaski* factor if the factors are acknowledged and examined prior to making determination regarding Plaintiff's subjective complaints; where adequately explained and supported, evaluating subjective complaints are for the ALJ to make. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). *See also Milam*, 794 F.3d at 984 (citing *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004)) ("Of course, '[t]he ALJ need not explicitly discuss each *Polaski* factor. It is sufficient if he acknowledges and

considers those factors before discounting a claimant's subjective complaints.'"); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).  To the extent Plaintiff specifically asserts that the ALJ failed to consider his work history, "[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Wildman*, 596 F.3d at 966 (citing *Black v. Apfel,* 143 F.3d 383, 386 (8th Cir.1998)).  Moreover, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.*

The Court finds that the ALJ provided sufficient explanation in evaluating Plaintiff's subjective limitations as consistent with the requirements of 20 C.F.R. § 404.1529.  The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms not to be entirely consistent with the medical evidence and other evidence in the record (Tr. 22-23).  Specifically, the ALJ determined that Plaintiff's activities of daily living do not fully support the subjective complaints made by Plaintiff (Tr. 23).  By way of example, the ALJ noted that Plaintiff maintained a relationship with a girlfriend and occasionally went shopping with her using an electric cart, Plaintiff was able to do some chores such as washing dishes, Plaintiff went to church and sporting events, Plaintiff could prepare at least simple meals, and Plaintiff was able to do his own personal care tasks (Tr. 23).  *See* Tr. 42, 50, 54, 232-36, 516-17.  *See Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) ("[t]he inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility.").

The ALJ next addressed the medical evidence of record and explicitly found, "[t]he objective medical record as a whole does not support the alleged severity of [Plaintiff's] impairments.  The medical evidence shows that although [Plaintiff] experienced bodily pains, and had respiratory and cardiac/cardiovascular issues, these conditions did not cause [Plaintiff]

to be as limited as alleged by [Plaintiff]" (Tr. 23). The ALJ then conducted a detailed analysis of Plaintiff's medical record encompassing nearly three pages (Tr. 23-25). Of note, the ALJ found Plaintiff's treatment during the period at issue to be "rather conservative with respect to his musculoskeletal issues, consisting of largely medication and some physical therapy" (Tr. 24). *See, e.g.,* Tr. 318 ("Participated in one session of physical therapy. He states he was having car trouble and therefore did not get into additional sessions."); Tr. 421 ("Physical therapy was initiated for soft tissue and manual treatments as well as therapeutic exercise. Tramadol was continued. He was advised to supplement with Tylenol extra strength, approximately 2 tabs twice daily. He was started on gabapentin in a titrating dose fashion."). Indeed, imaging indicated only mild degenerative changes in the lumbar spine and mild wedging deformities in the thoracic spine without significant edema (Tr. 426). An ALJ may determine that "subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). *See also Kamann*, 721 F.3d at 950-51; *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (conservative course of treatment supported ALJ's decision to discredit subjective complaints of pain). The ALJ further noted Plaintiff's continued smoking, despite being diagnosed with COPD, history of alcohol abuse, and prior history of the use of illicit drugs including crack cocaine (Tr. 25, 48). *See, e.g.,* Tr. 328 (noting tobacco use and cigarette dependence); Tr. 480 (indicating chronic alcohol abuse and tobacco use); Tr. 1256 (again noting continuous tobacco dependence); Tr. 1412 (current every day smoker); Tr. 1462 (noting Plaintiff's alcoholism). *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (an ALJ may consider disability claimant's failure to stop smoking in making his credibility determination).

In conclusion, the Court finds the ALJ's evaluation of Plaintiff's subjective complaints is based on substantial evidence and is consistent with Regulations and case law.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED, with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 17th day of March, 2022.


     /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE